**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS, INDIANA**

| | | |
|---|---|---|
| PHYLLIS STEWART | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CAUSE NO. 1:24-cv-1553** |
| | ) | |
| FCA US LLC | ) | |
| **Defendant,** | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, named-above, complains of act and omissions to act by the Defendant. In support of his Complaint and as cause of action against Defendant, Plaintiff respectfully submits the following:

### JURISDICTION

1. This suit is authorized and instituted pursuant to 42 U.S.C. § 1981 and the Americans with Disabilities Act, 42 U.S.C. § 12112 et seq., as amended.

2. Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC) and received a notice to sue on July 31, 2024

### JURISDICTION

3. Plaintiff, is a Black, disabled female citizen of the Southern District of Indiana.

4. Defendant is a corporation doing business in the Southern District of Indiana.

### FACTS

5. Plaintiff began working for Defendant on or around May 2013 in Kokomo, Indiana as a machine operator.

6. Plaintiff performed her job well.

7. On or around October 15, 2021, one of Defendant's employees placed a noose at Plaintiff's work station.

8. This was not the first time a noose was placed at an African-American employees work station as others had nooses placed on their workstations as well.

9. On or Around August 11, 2022, Plaintiff was locked in a machine cell for a period of time, which led to her having severe Post Traumatic Stress Disorder.

10. On January 16, 2024, Plaintiff emailed her Union Representative and a Human Resources representative requesting a reasonable accommodation for her disability to be transferred to a different plant to alleviate her symptoms.

11. However, Plaintiff did not receive a response and was denied the accommodation.

12. On March 21, 2024, Plaintiff was terminated for not returning to work. However, Plaintiff informed the Human Resources representative that she could not return to that particular plant due to her disability.

13. Defendant's human resources representative never responded to Plaintiff's accommodation request.

14. Plaintiff was terminated based on her disability.

15. Plaintiff was denied a reasonable accommodation.

16. Plaintiff's disability rights were interfered with as a result of Defendant's actions.

17. Plaintiff was retaliated against for engaging in protected activity.

18. Plaintiff was terminated based on her race.

**COUNT I**

19. Plaintiff incorporates by reference paragraphs 1 through 16.

20. Defendant, as a result of discriminating against Plaintiff due to her disability, is in violation of the Americans with Disabilities Act.

**COUNT II**

21. Plaintiff incorporates by reference paragraphs 1 through 16.

22. Defendant, as a result of denying Plaintiff a reasonable accommodation, violated the Americans with Disabilities Act.

**COUNT III**

23. Plaintiff incorporates by reference paragraphs 1 through 16.

24. Defendant, as a result of interfering with Plaintiff's disability rights, violated the Americans with Disabilities Act.

**COUNT IV**

25. Plaintiff incorporates by reference paragraphs 1 through 16.

26. Defendant, as a result of retaliating against Plaintiff, violated the Americans with Disabilities Act.

**COUNT V**

27. Plaintiff incorporates by reference paragraphs 1 through 16.

28. Defendant, as a result of discriminating against Plaintiff due to her race, violated 42 U.S.C. § 1981.

**<u>CLAIM FOR RELIEF</u>**

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A. Award Plaintiff back pay and benefits lost;

B. Award Plaintiff compensatory damages for future pecuniary loss, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life;

C. Award Plaintiff punitive damages;

D. Award Plaintiff liquidated damages;

E. Award Plaintiff his cost in this action and reasonable attorney fees;

F. Grant Plaintiff any other relief which is allowable under the circumstances of this case.

Respectfully submitted,

*/s/Stephen Rollins*
Stephen Rollins (35791-49)
Amber Boyd (31235-49)
**AMBER BOYD LAW**
8510 Evergreen Avenue
Indianapolis, IN 46340
Phone: 317-960-5070
stephen@amberboydlaw.com

## <u>REQUEST FOR JURY TRIAL</u>

Comes now the Plaintiff, by Counsel, and requests that this cause be tried by jury.

Respectfully submitted,

*/s/Stephen Rollins*
Stephen Rollins